March 15, 1939

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Governor:

Opinion No. 0-447
Re: Reward offered by Governor

We are in receipt of your letter of March 9, 1939, in which you request an opinion on the question of whether rewards offered by a former Governor, which have not been revoked, terminate when the new Governor takes office.

Article 1007, Code of Criminal Procedure of Texas, provices that the Governor may offer a reward for the apprehension of one accused of a felony in this State who is evading arrest.

In Karling v. Morris, 91 Tex. 584, 9 S. W. 739, and in Lauve v. Balfour, 1st White & Wilson Civ. Cases, para. 726, our courts held that an offer of a reward continued valid and binding until same was revoked. A reward may expire by its own terms, or the Governor may revoke same at any time he desires, prior to the time the party for whose arrest the reward is offerred has been apprehended, or at least located.

Since the Governor's office is a constitutional one, and is never vacant, the reward offerred by the Governor is made by him in his official capacity; and a reward offerred by one Governor would, and does, continue in full force and effect until the acting Governor revokes same, unless there is a time limit, or some other condition contained in the original reward as offerred. The fact that the person holding the office of Governor changes does not in any way affect the offer of the reward as made by the Governor.

Yours very truly

ATTORNEY GENERAL OF TEXAS

(Signed)

By

George W. Barcus
Assistant

GWB:PBP

APPROVED:
ATTORNEY GENERAL OF TEXAS (Signed Gerald C. Mann)